*Jno. S. Ducker, for appellee.*

---

L. M. LEE'S ADM'R & JOHN H. HUNLEY *v.* J. M. HARPER ET AL.

**Trial—Instruction.**

An instruction grouping together certain facts established by the evidence, and giving undue prominence to them, should be refused.

**Appeal—Bills of Exceptions—Practice.**

Where rulings on evidence were presented in twenty-five bills of exceptions, when they could have been presented in one comparatively short bill of exception, thereby needlessly encumbering the record, such practice was denounced by the court.

APPEAL FROM HICKMAN CIRCUIT COURT.

March 26, 1874.

OPINION BY JUDGE PETERS:

This action was brought by appellant against appellees for a breach of their covenant, wherein they stipulated that if they could not agree amongst themselves as to what damages appellant should

have for a mill race dug through his land by appellees, then they would refer the question to arbitrament and award of two persons, one to be selected by each party, and abide by their determination. Appellant alleges that they did select two persons, whom he names, and referred the matter to them, who awarded to him $200 in damages; and the breach assigned is the failure to pay the damages awarded to him by the arbitrators. To the petition a demurrer was sustained; upon an appeal to this court that judgment was reversed; and upon the return of the cause an answer was filed presenting several issues, one of which is that the writing sued on was executed on Sunday and therefore not obligatory. The issues thus formed by the pleadings were submitted to a jury, and on instructions given them, they found for the defendants. Appellant's motion for a new trial was overruled, and from the judgment rendered on the verdict of the jury, he prosecuted a second appeal to this court, which was also reversed; and having again been unsuccessful in the court below, he is now for the third time in this court.

On the trial of the case after it was reversed the first time, numerous instructions were asked by appellant, all of which were overruled, and but two given. The first was to the effect that if the jury believed from the evidence that the writing sued on was executed on Sunday, the Christian Sabbath, it was not obligatory, and the jury should find for the defendants. The second stated that if they believed from the evidence that the arbitrators were not sworn before they entered upon the discharge of their duties, or if, after they made their award, they failed to give notice thereof to the defendants, in writing, unless they should believe from the evidence that the swearing of the arbitrators and the notification of the defendants were waived by them, they should find for defendants. The judgment was reversed by this court, because the first instruction was given without qualification, and on that ground alone. On the last trial the qualification as suggested by this court, was added to the instruction to the jury on that subject, and was sufficient. Those asked by appellant were properly overruled, certain facts were selected out of the evidence and grouped in them, with the design of giving to these facts especial prominence before the jury, to the obscuration or total eclipse of other prominent and important facts, a mode constantly disapproved by this court. There is no available error, therefore, found in overruling or giving instructions.

Nor is any error perceived in the rulings of the court on the ad-

missibility of evidence presented in the unprecedentedly vexatious bills of exception, needlessly numbering twenty-five, besides the bill of evidence, when every question could be presented in one not a great deal longer than any one of the twenty-five. Such a practice should not be indulged. The evidence related to the damage sustained by appellant by the digging of the race over his land, which was in issue, and to which he introduced evidence.

The question raised by exceptions Nos. 24 and 25 were not assigned as reasons for a new trial, and are therefore deemed to be waived.

On the whole case the judgment must be affirmed.

Judge Lindsay not sitting.

*Bullock, for appellants.*

*Bradley, for appellees.*